■ In the Matter of ELLA GREEN, Respondent, v REVA KEOUGH et al., Respondents, and TIMOTHY GREEN, Appellant. [819 NYS2d 801]—

Crew III, J.P. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered June 24, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with her granddaughter.

Shayna Green (born in 1997) is the daughter of respondent Timothy Green (hereinafter respondent). In June 2005, petitioner, Shayna's paternal grandmother, commenced this

proceeding seeking visitation with Shayna, who was in the legal custody of her maternal grandmother, respondent Reva Keough.* Petitioner's application for visitation coincided with respondent's planned release from prison, where he was serving a sentence for sodomizing an eight-year-old girl.

A hearing ensued, at which respondent appeared via telephone. During the course thereof, respondent inquired as to his rights as the child's father. Family Court informed respondent that he could petition for visitation following his release from prison, to which respondent replied, "Okay." By order entered June 24, 2005, Family Court granted petitioner's application for visitation, directed that such visitation be supervised by Keough and "granted no visitation" to respondent. This appeal by respondent ensued.

Appellate counsel for respondent seeks to be relieved of her assignment upon the ground that there are no nonfrivolous issues to pursue on appeal (see People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]). Upon our review of the record and the parties' submissions, we agree. Regardless of the passing reference to respondent in Family Court's order, the record makes clear that respondent did not have an application for visitation pending before the court at the time the underlying order was entered. Although respondent was a party to this visitation proceeding, he did not seek any affirmative relief from Family Court at the hearing and, as such, the underlying order has no legal effect upon his rights. That being the case, respondent simply is not an aggrieved party within the meaning of CPLR 5511 and, therefore, has no basis upon which to appeal from the order granting petitioner's application for visitation (see Matter of Dana XX., 28 AD3d 1025 [2006]; Matter of William XX. v Broome County Dept. of Social Servs., 11 AD3d 735, 736 [2004]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs, and application to be relieved of assignment granted.

* Keough was granted custody of Shayna because both of her parents were incarcerated.