■ In the Matter of JULEEANA ZZ., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK A., Appellant. [830 NYS2d 808]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 12, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent began perpetrating sexual acts upon his step-daughter when she was 13 years old, he impregnated her when she was 14 years old, and she gave birth to Juleeana ZZ. in 2003. Juleeana lives with foster parents who desire to adopt her. The child's mother, but not respondent, executed a judicial surrender. Respondent is currently serving a lengthy prison sentence for his conviction of numerous crimes, including course of sexual conduct against a child in the first degree, criminal sexual act in the first degree, and rape in the second degree.

At the commencement of the fact-finding hearing in this permanent neglect proceeding, Family Court was informed that respondent may have tested positive for tuberculosis. Respondent refused the court's directive that he wear a protective mask, and when the court informed him that his continued refusal would result in the hearing being conducted in his absence, he responded, "[T]hen do it without me." He was removed and the hearing proceeded with his counsel, but not respondent, present. Family Court found permanent neglect and, after a dispositional hearing (which respondent attended), respondent's parental rights were terminated. Respondent appeals.

Respondent argues that he was deprived of due process by Family Court's decision to remove him from the courtroom and conduct the fact-finding hearing in his absence. We are unpersuaded. While a parent certainly has the right to be present at a hearing affecting his or her parental rights, the right to be present is not absolute (see Matter of Elizabeth T., 3 AD3d 751, 753 [2004]). Here, due process was not violated since respondent was afforded an opportunity to remain if he accepted the reasonable precautionary measure directed by Family Court. Instead, he effectively voluntarily elected not to be present (see Matter of Konard M., 257 AD2d 919, 920 [1999]). The remaining issues asserted by respondent have been examined and found unavailing.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.