■ In the Matter of GERALDINE CALVO, Respondent, v BLAKE HERRING, Respondent. LARRY B. MARGOLIS, Nonparty Appellant. [858 NYS2d 731]—

In a proceeding pursuant to Family Court Act article 6 and Domestic Relations Law article 5-A (Uniform Child Custody Jurisdiction and Enforcement Act), the attorney for the parties' children appeals from an order of the Family Court, Kings County (O'Shea, J.), dated June 29, 2007, which, after a hearing, denied his motion for a determination that the Family Court had subject matter jurisdiction and dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The mother filed a petition in the Family Court, Kings County, to modify an order of custody and visitation of the Superior Court of the State of Washington (hereinafter the Washington court). Subsequently, the attorney for the parties' children moved for a determination that the Family Court had subject matter jurisdiction. The Family Court properly denied the motion and dismissed the petition for lack of subject matter jurisdiction because the Washington court never determined that it no longer had continuing, exclusive jurisdiction (*see* Domestic Relations Law § 76-b [1]; *Stocker v Sheehan,* 13 AD3d 1 [2004]). Indeed, the Washington court issued an order regarding summer visitation five days after the mother filed the instant petition. Furthermore, the father continues to reside in the state of Washington and the Washington court did not make a determination that a New York court would be a more appropriate forum (*see* Domestic Relations Law § 76-b). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.