■ In the Matter of JASPER QQ. and Another, Children Alleged to be Abandoned. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN QQ., Appellant. (And Another Related Proceeding.) [883 NYS2d 344]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Maney, J.), entered April 28, 2008, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Anthony QQ. and Jasper QQ. to be abandoned children, and terminated respondent's parental rights.

Respondent is the father of Jasper QQ. (born in 1999) and Anthony QQ. (born in 2000). Since 2000, the children have been in petitioner's custody and resided in a foster home where the foster parents desire to adopt them. The original derivative neglect proceeding arose from respondent assaulting and injuring his four-year-old stepdaughter, an act which resulted in his plea of guilty in 2001 to assault in the second degree and endangering the welfare of a child. In 2003, the mother of the children voluntarily surrendered her parental rights. After his release from prison, respondent initially lived in the City of Syracuse, Onondaga County, but eventually moved to Arkansas in 2006. Petitioner commenced this proceeding in November 2007 seeking to terminate respondent's parental rights on the ground of abandonment, and also commenced at the same time a termination proceeding alleging permanent neglect.

Family Court initially appointed counsel for respondent, despite the fact that he acknowledged annual income in excess of $37,000, well above the income level for entitlement to assigned counsel. Respondent reportedly did not cooperate with his assigned counsel, resulting in the granting of her motion to be

relieved of the assignment. On March 3, 2008, upon receiving updated financial information from respondent, Family Court did not make a new assignment because respondent was not eligible and notified him of such fact. The record reflects that he was informed, both by letter and verbally by Family Court, well in advance of the hearing, that the fact-finding hearing was scheduled for April 4, 2008, and that, if he wanted to appear electronically, he would have to file an appropriate application. He did not file such an application and he failed to appear on the scheduled hearing date. The children's Law Guardian was present and Family Court proceeded with the hearing. After the evidence was presented, Family Court determined that respondent had abandoned and permanently neglected the children. Orders were entered terminating his parental rights and freeing the children for adoption. Respondent appeals.

We consider first respondent's contention that his due process rights were violated since the hearing was conducted in his absence. "While due process of law applies in [termination of parental rights] proceedings and includes the right of a parent to be present at every stage of the proceedings, that right is not absolute" (*Matter of Elizabeth T.*, 3 AD3d 751, 753 [2004] [citation omitted]; *see Matter of Juleeana ZZ.*, 37 AD3d 995, 996 [2007], *lv denied* 8 NY3d 814 [2007]). During a conference conducted in Family Court in January 2008, at which his assigned attorney was present, respondent appeared via the telephone and acknowledged receipt of the petitions seeking to terminate his parental rights. He was informed on the record at that time by Family Court that the hearing was scheduled for April 4, 2008, at 9:30 A.M., at the Columbia County courthouse. Family Court further instructed respondent that he could appear in person or, if he wanted to appear electronically, he could file an application to do so. Respondent, who was not a stranger to Family Court proceedings, stated that he had no questions regarding these procedures. Thereafter, further notices were mailed to respondent in early March 2008, at the address he had used at all relevant times, which again notified him of the April 4, 2008 trial date. He neither filed an application to appear by telephone nor appeared in person on the hearing date, nor did he retain an attorney to appear on his behalf. Since the record establishes that respondent was given and acknowledged notice of the hearing, we find no error in Family Court's decision to proceed with the hearing as scheduled despite respondent's failure to appear.

Respondent's challenge to the finding of permanent neglect does not appear to be properly before us since he did not file a

notice of appeal from that order, which was denoted as a combined fact-finding, conclusions of law and dispositional order. In any event, the issue is without merit. Contrary to respondent's contention, the record reveals diligent efforts by petitioner to encourage and strengthen the parental relationship (*see Matter of Karina U.*, 299 AD2d 772, 772-773 [2002], *lv denied* 100 NY2d 501 [2003]). Here, among other things, petitioner consistently attempted to maintain contact with respondent via telephone and letters both before and after he moved to Arkansas. He was repeatedly made aware of and offered a variety of relevant services. For a while, he was supplied full reimbursement for round-trip travel and all related expenses from Arkansas. Petitioner offered to assist him in the cost of returning to the area where the children resided. Petitioner scheduled regular visitation, notified respondent of the same and assured him that, upon his return to New York, he would be helped in sundry ways, including with applying for public assistance and in seeking employment. Mental health counseling and family counseling were also offered. Petitioner established that it made repeated and meaningful efforts to encourage reunification (*see Matter of Willard L.*, 23 AD3d 964, 964-965 [2005], *lv denied* 6 NY3d 708 [2006]).

Respondent also argues that petitioner failed to establish abandonment. We are unpersuaded. The record reflects that, among other things, respondent did not make any visits to the children during the six-month period prior to commencement of the abandonment proceeding despite having a right to weekly visitation. During such time frame, he availed himself of other travel and vacations, but elected not to see his children. Although he occasionally communicated with the children via telephone and e-mail, these communications—which were sporadic and resulted primarily in upsetting the children—were insufficient to defeat the finding of abandonment under the circumstances of this case (*see Matter of Yvonne N.*, 16 AD3d 789, 790 [2005]; *Matter of Richard X.*, 226 AD2d 762, 765 [1996], *lv denied* 88 NY2d 808 [1996]).

The remaining arguments have been considered and found unavailing.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.