In the Matter of CASEY L., Alleged to be the Child of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH L., Appellant. [891 NYS2d 537]—

Lahtinen, J.

---

Respondent, the father of a son born in 2003, has been prevented by orders of protection from contact with the child since very shortly after his birth. During much of that period, respondent has been in jail as a result of his conviction of possessing an obscene sexual performance by a child. Respondent's child has been in foster care for all but about a month since October 2006 and, in June 2008, the mother signed a judicial surrender of her parental rights. Thereafter, petitioner commenced this proceeding seeking to terminate respondent's parental rights upon the ground of mental illness. Following a hearing, Family Court granted the petition and terminated respondent's parental rights, freeing the child for adoption. Respondent appeals.

Initially, respondent contends that he was deprived of his due process right to be heard, and he cites in support of this contention the well-settled law that a parent generally has a right to be present at every stage of a proceeding implicating the termination of parental rights (*see e.g. Matter of Patricia C.*, 63 AD3d 1710, 1711 [2009]; *Matter of Juleeana ZZ.*, 37 AD3d 995, 996 [2007], *lv denied* 8 NY3d 814 [2007]; *Matter of Elizabeth T.*, 3 AD3d 751, 753 [2004]). Here, respondent was present at the hearing, his counsel had a full opportunity to cross-examine petitioner's witnesses and to present favorable proof and, in fact, respondent elected to testify. Nevertheless, respondent asserts that the manner in which his court-ordered psychological evaluation was performed by Richard Liotta, a licensed psychologist, violated due process. Liotta conducted a face-to-face interview with respondent in June 2008 and a follow-up telephonic interview in January 2009. Liotta reviewed a host of potentially pertinent documents regarding respondent's mental health. Liotta's lengthy report was received into evidence at the hearing without objection. Liotta was present at the hearing, he testified, and he was cross-examined by respondent's counsel, who had a full opportunity to explore the alleged deficiencies in the report. Moreover, respondent's own testimony established that the manner in which the interviews were conducted did not, as now claimed on appeal, deprive him of a fair opportunity to be heard. Respondent's due process argument is unpersuasive.

Next, respondent argues that the proof was inadequate to terminate his parental rights. "Parental rights may be terminated if it is established by clear and convincing evidence that respondent is 'presently and for the foreseeable future unable, by reason of mental illness . . . to provide proper and adequate

care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court' " (*Matter of Evelyn B.*, 37 AD3d 991, 992 [2007], quoting Social Services Law § 384-b [4] [c]). The element of the child being in the care of an authorized agency for requisite time is not challenged. As for respondent's mental infirmity, Liotta testified to a reasonable degree of professional certainty that respondent is afflicted with a mental illness that renders him now, and for the foreseeable future, unable to care for his child. He had, among other things, interviewed respondent twice, administered a personality assessment inventory test, and reviewed a variety of mental health information pertaining to respondent, dating back to the early 1980s. He considered an earlier forensic evaluation from 2004 and information from the sex offender program with which respondent was treated. Prior criminal and family court proceedings involving respondent were reviewed, as well as letters he had written to the Department of Social Services while in jail.

Respondent's history included grooming and sodomizing a 12-year-old boy, and masturbating while watching pornography in the presence of a four year old. His most recent incarceration resulted from possessing a film where a male child was performing a sex act on the child's parent. Liotta's diagnosis of respondent included, among other things, pedophilia and antisocial personality disorder. Liotta stated that respondent took little responsibility for his actions, blamed others and minimized his behavior. He opined that respondent is a high risk for future sex offenses. According deference to Family Court's assessment of credibility, including its finding that Liotta's testimony was credible, we find that the record contains ample evidence to support Family Court's determination (*see Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.