■ In the Matter of RACHELLE A. SAUNDERS, Appellant, v TODD HAMILTON, Respondent. [904 NYS2d 856]—

Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered September 14, 2009 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding seeking, inter alia, to modify a September 2009 custody order that was entered in Indiana. The mother and the children had resided in Indiana from September 2008 until March 2009 but, at the time the proceeding was commenced, they resided in New York and respondent father resided in Indiana. We note at the outset that Family Court apparently treated the mother's order to show cause, pursuant to which the mother sought the instant relief, as a "petition" for modification of a prior order of custody, and dismissed the petition. We affirm.

Contrary to the contention of the mother, the court properly concluded that it lacked jurisdiction to determine the petition (*see* Domestic Relations Law § 76-b; *Matter of Calvo v Herring*, 51 AD3d 916 [2008]; *Stocker v Sheehan*, 13 AD3d 1, 6-7 [2004]). There is no indication in the record that the Indiana court determined that it no longer had exclusive, continuing jurisdic-

tion under Domestic Relations Law § 76-a or that New York would be a more convenient forum under Domestic Relations Law § 76-f (*see* § 76-b [1]). Indeed, the Indiana court's order was entered less than one week before the mother commenced this proceeding in New York, and the order noted that the issue of child support was "deferred." Further, the father continued to reside in Indiana, and thus neither Family Court nor the Indiana court could determine that the children and their parents did not reside in Indiana (*see* § 76-b [2]; *Calvo*, 51 AD3d 916 [2008]; *Stocker*, 13 AD3d at 6-7).

The mother's contentions concerning Family Court's December 2008 order are not properly before us inasmuch as the mother failed to take a timely appeal from that order (*see generally Matter of Jasper QQ.*, 64 AD3d 1017, 1019-1020 [2009], *lv denied* 13 NY3d 706 [2009]; *Matter of Rogers v Bittner*, 181 AD2d 990 [1992]). In any event, the mother was not aggrieved by the December 2008 order inasmuch as that order dismissed the father's petition seeking modification of a prior custody order (*see* CPLR 5511; *Matter of Brian JJ. v Heather KK.*, 61 AD3d 1285, 1287 [2009]; *Matter of Green v Keough*, 32 AD3d 591 [2006]). Although the mother contends that the December 2008 order "[gave] jurisdiction to . . . Indiana" and "result[ed in] custody of the children being given to the [father]," that contention is not supported by the record. The December 2008 order dismissed the father's modification petition for lack of jurisdiction because the parties and their children all resided in Indiana at that time (*see* Domestic Relations Law § 76-a [1] [b]). Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.