██ In the Matter of NIYA X., Alleged to be the Child of a Mentally Ill and/or Mentally Retarded Parent. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARTHA Y., Appellant. [912 NYS2d 169]—

McCarthy, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered December 4, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent's daughter (hereinafter the child) has been in foster care since her birth in 2005. Respondent has regularly exercised visitation, which has ranged in duration from one supervised hour per week, to three consecutive unsupervised overnights, and back to two supervised hours per week. Petitioner commenced this proceeding seeking to terminate respondent's parental rights based upon mental illness and mental retardation. Family Court found no proof that respondent was mentally retarded, but found that she was mentally ill and terminated her parental rights on that basis. Respondent appeals.

Petitioner met its burden of proving that respondent is mentally ill and that her parental rights should be terminated due to the related limitations on her parenting abilities. A court

may terminate parental rights if a petitioner establishes by clear and convincing evidence that a respondent is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for a child" who has been in the petitioner's care for the preceding year (Social Services Law § 384-b [4] [c]; *see* Social Services Law § 384-b [3] [g]; *Matter of Casey L. [Joseph L.]*, 68 AD3d 1497, 1498-1499 [2009]). The parties do not dispute that the child has been in petitioner's care for her entire life, well beyond the required one year. It is also undisputed that respondent suffers from a mental illness, namely bipolar disorder with psychotic features. The only issue that was litigated was whether this mental illness prevented respondent from being able to provide proper and adequate care for the child at the time of the hearing and into the foreseeable future.

Petitioner submitted the testimony of and two written reports from Jacqueline Bashkoff, a psychologist who reviewed respondent's records, talked to numerous collateral contacts, observed a home visitation between respondent and the child, interviewed respondent and conducted testing. Bashkoff noted examples of respondent's difficulties which demonstrated her lack of judgment, poor decision-making skills, limited functioning and lethargy. Although respondent had not been hospitalized for several years and was generally compliant with her medication regimen, she acknowledged that she sometimes missed her medication, and the medications produced side effects that could adversely affect her ability to care for a child. Ultimately, Bashkoff opined that based upon her mental illness and the side effects from her necessary medications, respondent was not capable of full-time custodial parenting presently or in the foreseeable future. Petitioner also submitted the written report of another psychologist, David Horenstein, who had interviewed and tested respondent, reviewed her records and talked to collateral contacts. Horenstein reached an opinion similar to Bashkoff's. Petitioner's caseworker and the child's foster mother testified regarding visitation and contact with respondent, providing factual situations outlining respondent's difficulties in dealing with or caring for the child.

Respondent offered the opinion of psychologist Aaron Hoorwitz, who reviewed the reports of petitioner's two experts, observed a visit at petitioner's facility and interviewed respondent. Hoorwitz opined that although respondent is mentally ill, he saw no evidence that her illness rendered her incapable of parenting. Respondent also testified on her own behalf, stating that she was mentally stable and indicating that she could care for the child.

Family Court was presented with conflicting testimony and expert opinions, but found Bashkoff's opinion more credible. Accepting that credibility determination and giving deference to the court's factual findings, the record contains clear and convincing evidence that, despite her desire and attempts to regain custody, respondent is presently, and will be for the foreseeable future, unable to provide proper and adequate care for the child (*see Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Cheryl YY.*, 302 AD2d 632, 634 [2003]). Hence, the court did not err in terminating respondent's parental rights.

Cardona, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.