■ In the Matter of JULIE M. EVANITSKY, Appellant, v CHARLES COREY EVANS, Respondent. (And Other Related Proceedings.)
[917 NYS2d 361]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered May 5, 2009, which,

---

among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6 and Domestic Relations Law article 5-A, to modify a prior order of custody entered in Georgia.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter and two sons, born in 2000, 2003 and 2004, respectively. In 2005, the Superior Court of Bartow County, Georgia entered a consent order awarding custody of the children to the mother with visitation to the father. In 2007, the mother moved with the children to Broome County while the father remained in Georgia. The father failed to return the daughter after a 2008 visit, prompting the first of these proceedings by the mother pursuant to Family Ct Act article 6 and Domestic Relations Law article 5-A, which is known as the Uniform Child Custody Jurisdiction and Enforcement Act and provides a mechanism for enforcing orders of custody and visitation across state lines (see Domestic Relations Law § 75 [2]). The mother sought both to have the daughter returned and modification of the Georgia custody order to prohibit visitation with the father. The mother also simultaneously applied to register the 2005 Georgia custody order in New York.

The day after the mother commenced these proceedings in New York, the father filed a petition in the Georgia court to modify the custody order, and was awarded temporary custody of the daughter. He then objected to the mother's application to register the Georgia order in New York on the ground that it had been modified.[1] In March 2009, the Georgia court held a hearing on the father's modification petition and, in a temporary order, directed that the father have primary physical custody of the daughter and that the mother retain custody of the parties' two sons. After consulting with the Georgia court regarding the status of the proceedings (see Domestic Relations Law § 77-f), Family Court dismissed the modification and violation proceedings, finding that the Georgia court retained exclusive jurisdiction. The court further denied the mother's applications to register the 2005 Georgia order in New York and for enforcement. The mother now appeals.

Initially, we reject the mother's challenge to Family Court's denial of her application to register the 2005 Georgia order. Inasmuch as the father requested a hearing and established that the Georgia order had been modified, Family Court properly

---

1. In February 2009, the mother filed three additional petitions in New York seeking enforcement of the original Georgia custody order and alleging a violation of that order.

denied the mother's application for registration (*see* Domestic Relations Law § 77-d [4] [b]). Contrary to the mother's argument, the statute expressly includes "temporary" orders in the definition of "[c]hild custody determination[s]" that may constitute a modification (Domestic Relations Law § 75-a [3], [11]). Thus, as Family Court concluded, the Georgia court's temporary orders awarding custody of the parties' daughter to the father precluded registration of the original 2005 order in New York.[2] Moreover, Georgia retained exclusive, continuing jurisdiction over the matter (*see* Domestic Relations Law § 76-b; *Matter of Saunders v Hamilton*, 75 AD3d 1172, 1172-1173 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Calvo v Herring*, 51 AD3d 916, 917 [2008]; *see also Matter of Eisner v Eisner*, 44 AD3d 1111, 1113-1114 [2007], *lv denied* 9 NY3d 816 [2007]). Thus, dismissal of the mother's modification petition was required in any event (*see* Domestic Relations Law §§ 76-b, 77-e [2]) and, given the pendency of the modification proceeding in Georgia, Family Court had the discretion to dismiss the enforcement proceeding after consultation with the Georgia court (*see* Domestic Relations Law § 77-f; *see also* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 77-f, 2010 Pocket Part, at 244).

Peters, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** In addition, we note that the father indicates that the Georgia court issued a final order in November 2009 awarding him primary physical custody of the daughter.