■ In the Matter of STEPHEN A. BAPTISTE, Appellant, v ANGELA D. BAPTISTE, Respondent. [10 NYS3d 117]—

Appeal from an order of the Family Court, Kings County (Maria Arias, J.), dated April 29, 2014. The order, in effect, denied the father's motion, inter alia, to enforce a temporary order of custody and visitation issued by the District Court, Clark County, in the State of Nevada, and dismissed the underlying custody and visitation proceeding.

Ordered that the order is affirmed, without costs or disbursements.

The father and mother, who have one child in common, were divorced on October 8, 2004, pursuant to a decree issued by the

Circuit Court, Ashley County, Arkansas (hereinafter the Arkansas court). In accordance with the decree of divorce, the mother was awarded physical custody of the child, who was born on February 28, 2003, and the father was awarded visitation. In May 2010, the mother moved with the child from Arkansas to Nevada, where they remained for approximately one year before moving back to Arkansas.

After learning the mother was or had been living in Nevada, the father sought relief in the District Court, Clark County, Nevada (hereinafter the Nevada court). The Nevada court, exercising emergency jurisdiction, among other things, issued an order in May 2012 (hereinafter the Nevada court order), which awarded the father temporary sole legal and physical custody of the child "pending further orders from a court of appropriate jurisdiction."

Thereafter, in June 2012, the Arkansas court, upon an ex parte application filed by the mother, issued an order specifying, inter alia, that it had not relinquished or transferred jurisdiction, that the mother and child were still residents of the State of Arkansas, that neither the mother nor the child were in Nevada at the time the Nevada court issued the emergency order, that Nevada did not have jurisdiction, that no emergency existed, and that the Nevada court order was entered in violation of, among other things, the Arkansas version of the Uniform Child Custody Jurisdiction and Enforcement Act (Ark Code Ann § 9-19-101 *et seq.* [hereinafter the UCCJEA]).

Meanwhile, the father, a resident of New York, commenced a proceeding pursuant to Domestic Relations Law § 77-d in the Family Court, Kings County, to register the Nevada court order with the Family Court. The father thereafter commenced the instant proceeding pursuant to Family Court Act article 6, and sought, among other things, to enforce the Nevada court order. The Family Court, citing the subsequent order issued by the Arkansas court—which had original jurisdiction and which never relinquished such jurisdiction—found that the Nevada court order was not enforceable under the New York version of the UCCJEA (Domestic Relations Law art 5-A). As such, the Family Court, in effect, denied the father's motion and dismissed the proceeding. The father appeals, and we affirm.

Contrary to the father's contention, the Family Court did not err in refusing to enforce the Nevada court order. While the father commenced a proceeding to register that order in New York, it is undisputed that the mother filed timely objections to the petition in that proceeding, and there is nothing in the record indicating that the registration was ever confirmed, either

by operation of law or after a hearing (*see* Domestic Relations Law § 77-d). In any event, the record clearly demonstrates that the Nevada court order was subsequently modified by the Arkansas court, which made the initial custody determination, and which retained exclusive, continuing jurisdiction over the matter (*see* Domestic Relations Law §§ 76, 76-a, 76-b; *Matter of Evanitsky v Evans*, 81 AD3d 1086, 1088 [2011]; *Matter of Saunders v Hamilton*, 75 AD3d 1172, 1172-1173 [2010]; *Matter of Calvo v Herring*, 51 AD3d 916, 917 [2008]). Accordingly, the Family Court properly, in effect, denied the father's motion to enforce the Nevada court order, and dismissed the underlying custody and visitation proceeding. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.