In the Matter of Louise Ann Gallagher, Appellant, v Fabrizio Pignoloni, Respondent. (Proceeding Nos. 1 and 2.) In the Matter of Fabrizio Pignoloni, Respondent, v Louise Ann Gallagher, Appellant. (Proceeding No. 3.) [43 NYS3d 438]—

Appeals by the mother from (1) a decision of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated May 29, 2015, (2) an order of that court dated May 29, 2015, and (3) a second order of that court, also dated May 29, 2015. The first order, upon the decision, declared that a certain foreign order of custody "remains registered but not confirmed and therefore not enforced." The second order, insofar as appealed from, upon the decision, dismissed, without prejudice, the mother's petition for custody of the parties' children for lack of subject matter jurisdiction.

Ordered that the appeal from the decision is dismissed,

without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the first order is dismissed, without costs or disbursements; and it is further,

Ordered that the second order is affirmed insofar as appealed from, without costs or disbursements.

The mother, a United States citizen, and the father, an Italian citizen, were married and had two children. The parties and the children lived in Italy, beginning in January 2006. The children are dual citizens of Italy and the United States.

In September 2010, the parties entered into a separation agreement, which provided, inter alia, that the parties would have joint custody of the children and that the father would pay the mother spousal maintenance and child support for the children. The September 2010 separation agreement was ratified by an Italian court. In April 2011, the parties entered into a supplemental separation agreement that was integrated into the September 2010 separation agreement and was also ratified by the Italian court. In addition to providing that the father would pay child support and rent on the apartment in which the mother and the children resided, the mother accepted a significantly decreased spousal maintenance payment in exchange for the father agreeing to the inclusion of a new provision stating that, upon the satisfaction of enumerated conditions, the father would permit the mother to relocate with the children to the United States. Those conditions were that the mother must prove that she has found a job in the United States, and either (a) the father has failed to pay several installments of rent resulting in lawsuits against the parties, or (b) the father has failed to pay at least four months of child and spousal support, and the mother is unable to support herself and the children as a consequence.

In April 2012, after the father failed to make several child and spousal support payments, the mother came to New York with the children. The father thereafter filed a petition in the Italian court to modify the custody provisions of the parties' separation agreement so as to award him sole custody of the children. In July 2012, the father also commenced a proceeding in the United States District Court for the Eastern District of New York under the Hague Convention seeking the return of the children to Italy.

On November 22, 2012, the Italian court issued an order, inter alia, modifying the parties' separation agreement by awarding the father sole custody of the children. Three days

later, the federal District Court denied the father's Hague Convention petition. The father appealed to the United States Court of Appeals for the Second Circuit and moved before that court to supplement the record to include the newly issued Italian custody order. The Second Circuit denied the father's motion to supplement the record and affirmed the District Court's determination.

In February 2013, the father filed an application for registration of the Italian custody order in the Family Court, Richmond County, pursuant to Domestic Relations Law § 77-d (1), and the Family Court issued a certification of registration of the Italian custody order. The mother timely filed various objections to the registration of the Italian custody order pursuant to Domestic Relations Law § 77-d (4). The mother also filed a petition in the Family Court, Richmond County, for sole custody of the children. The father subsequently filed a cross petition for sole custody in the same court.

In an order dated May 29, 2015 (hereinafter the first order), the Family Court determined that the Italian custody order remained registered but unconfirmed and, therefore, not "enforced," as no hearing had yet been scheduled to resolve the objections raised by the mother. In a separate order, also dated May 29, 2015 (hereinafter the second order), the court, inter alia, dismissed the mother's custody petition without prejudice for lack of subject matter jurisdiction.

Under the circumstances here, the mother's appeal from the first order must be dismissed as premature. Indeed, the mother contends that her timely objections to the confirmation of the Italian custody order should have been granted. However, those objections have not yet been determined because no hearing has yet taken place. Thus, contrary to the mother's contention, the first order, which merely states that the Italian custody order "remains registered but not confirmed and therefore not enforced," did not adversely determine any of her objections pursuant to Domestic Relations Law § 77-d (4), which remain pending and undecided (see Katz v Katz, 68 AD2d 536 [1979]).

Turning to the second order, the Family Court properly dismissed, without prejudice, the mother's petition for custody for lack of subject matter jurisdiction. Here, the initial child custody determination awarding the parties joint custody of the children was made in the separation agreement, which was ratified by the Italian court at a time when the parties and the subject children all resided in Italy. The Italian court later issued an order modifying the custody provisions of the separation agreement and awarding the father sole custody of the

children. While the validity of the Italian court's most recent order for purposes of enforcement pursuant to Domestic Relations Law § 77-d (4) has yet to be determined, the Italian court's exclusive, continuing jurisdiction to issue that order is not in doubt, as the father continues to reside in Italy and the Italian court did not make a determination that a New York court would be a more appropriate forum (*see* Domestic Relations Law § 76-b; *Matter of Calvo v Herring*, 51 AD3d 916 [2008]; *Stocker v Sheehan*, 13 AD3d 1 [2004]).

Contrary to the mother's contention, the denial of the father's Hague Convention petition did not confer subject matter jurisdiction on the Family Court under the Uniform Child Custody Jurisdiction and Enforcement Act (*see Matter of Yaman*, 167 NH 82, 105 A3d 600 [2014]; *In Re T.L.B.*, 272 P3d 1148, 2012 COA 8 [2012]; *see also* Merril Sobie, 2013 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, 2016 Pocket Part at 96).

The mother's remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.