Appeal by the mother from an order of the Family Court, Queens County (John M. Hunt, J.), dated August 2, 2016. The order, upon a decision of that court dated July 29, 2016, dismissed, without a hearing, the mother’s petition for custody of the parties’ child for lack of subject matter jurisdiction.
 

 Ordered that on the Court’s own motion, the notice of appeal dated July 23, 2016, is deemed to be a premature notice of appeal from the order dated August 2, 2016 (see CPLR 5520 [c]); and it is further,
 

 Ordered that the order dated August 2, 2016, is affirmed, without costs or disbursements.
 

 On April 15, 2016, two days after the father was awarded sole legal and physical custody of the parties’ child by a Pennsylvania court, the mother filed a custody petition in the Family Court, Queens County, in which she asserted that “ [n] o previous application has been made in any court, including a Native-American tribunal, or to any judge for the relief herein requested.” In response, the father, who continues to be a resident of Pennsylvania, filed a writ of habeas corpus, alleging that the mother had wrongfully and unlawfully removed the child from his care. In support, the father submitted an April 13, 2016, order from the Court of Common Pleas of Philadelphia County, Pennsylvania, Family Court Division (hereinafter the Pennsylvania court), wherein the father was “awarded sole physical and sole legal custody of the child.”
 

 Based upon the father’s assertions, the Family Court engaged in communications with the Pennsylvania court, wherein the Family Court was informed that a custody proceeding had been commenced in Pennsylvania by the father in May 2012, and that the mother appeared in the Pennsylvania proceeding without disputing that Pennsylvania had jurisdiction. The Family Court was further informed that during the ensuing four years of litigation, the mother had failed to appear for numerous court appearances, had bench warrants issued for her arrest, and was held to be in violation of various court orders, including orders in which the Pennsylvania court had directed the mother to return the child to the father’s custody in Pennsylvania. Significantly, in its communications with the Family Court, the Pennsylvania court indicated its intent to retain exclusive, continuing jurisdiction over the custody dispute, as the father remained a resident of that state. Based on this information, the Family Court determined that it lacked subject matter jurisdiction and dismissed the mother’s petition. The mother appeals.
 

 The Family Court properly dismissed the mother’s petition on the ground that it lacked subject matter jurisdiction. “ ‘Where a different state possesses exclusive, continuing jurisdiction[,] New York cannot take jurisdiction unless the foreign state declines, even [if] the parties clearly no longer have a significant connection with that state’ ” (Matter of Frankel v Frankel, 127 AD3d 1186, 1187 [2015], quoting Stocker v Sheehan, 13 AD3d 1, 6 [2004]; see Domestic Relations Law § 76-b). Here, the record is clear that Pennsylvania had exclusive, continuing jurisdiction over the custody dispute, as the father continued to reside in Pennsylvania and the Pennsylvania court had not determined that New York would be a more appropriate forum (see Domestic Relations Law § 76-b; 23 Pa Cons Stat Ann § 5422; Matter of Gallagher v Pignoloni, 145 AD3d 781, 784 [2016]; Matter of Calvo v Herring, 51 AD3d 916, 917 [2008]; Stocker v Sheehan, 13 AD3d at 6).
 

 The mother’s remaining contentions are either without merit or not properly before this Court.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.