Matter of Worsoff v Worsoff (2018 NY Slip Op 03373)





Matter of Worsoff v Worsoff


2018 NY Slip Op 03373


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-06135
 (Docket Nos. V-1950-17, V-1951-17, V-1952-17, V-1953-17, V-1950-17/17A, V-1951-17/17A, V-1952-17/17A, V-1953-17/17A)

[*1]In the Matter of Mitchell Worsoff, appellant, 
v
Maya Worsoff, respondent.


Eric Dubinsky, Westbury, NY, for appellant.
Gail Jacobs, Great Neck, NY, for respondent.
Terry Ann Johnson, Garden City Park, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Domestic Relations Law §§ 77-d and 77-e, the father appeals from an order of the Family Court, Nassau County (Merik R. Aaron, J.), dated May 2, 2017. The order denied the father's petitions for registration and enforcement, respectively, of an order of the Superior Court of California, County of Los Angeles, dated October 2, 2014, which, inter alia, awarded custody of the parties' minor children to him.
ORDERED that the order is affirmed, without costs or disbursements.
The parties previously were married and have four minor children who are the subject of these proceedings. The parties were living in California in 2013 when they separated. Following their separation, in an order filed May 10, 2013, the Superior Court of California, County of Los Angeles, awarded custody of the children to the mother, with specified visitation to the father. While divorce proceedings were ongoing, on October 25, 2013, the mother moved to Israel with the children. On December 17, 2013, the father filed a claim with an Israeli court for the return of the children. An agreement was reached that the mother would return to the United States with the children upon conditions set by the Israeli court. Those conditions, set forth in a judgment dated March 6, 2014, required the father to deposit a certain sum of money to a representative of the mother in order to ensure financial support of the children and the mother pending resolution of the California divorce proceedings. The father did not comply with those conditions, and the mother and the children remained in Israel.
In an order dated October 2, 2014, the California court awarded custody of the children to the father with no visitation to the mother until further order of the court (hereinafter the California custody order). The mother and the children remained in Israel. Shortly after the California custody order was issued, the father again filed a claim in the Israeli court, seeking to have the children returned to the United States. His claim was rejected in an order dated November 20, 2014, on the ground that the issue previously had been resolved by that court, and the father's failure to comply with the conditions previously established by that court did not warrant reconsideration [*2]of the issue. The mother and the children remained in Israel.
In 2016, the mother sought an order of custody in an Israeli family court. The father's attorney confirmed receipt of notice of the mother's application for custody, but the father did not appear to oppose the application. In an order dated February 25, 2016, the Petach Tikva Family Court awarded the mother custody of the subject children (hereinafter the Israeli custody order).
In or about April 2016, the mother and the children moved to New York. The mother filed an application for the registration of the Israeli custody order in the Family Court, Nassau County, pursuant to Domestic Relations Law § 77-d. Notice of the application was mailed by the Clerk of the Court to the father on November 22, 2016. The father did not contest the validity of the Israeli custody order. The Clerk of the Family Court of Nassau County certified registration of the Israeli custody order on February 2, 2017.
In petitions dated February 21, 2017, the father, now living in Canada, sought to register and enforce, respectively, the California custody order in the Family Court, Nassau County, pursuant to Domestic Relations Law §§ 77-d and 77-e. The mother contested the validity of the California custody order pursuant to Domestic Relations Law § 77-d(4). In an on-the-record determination, the Family Court found that the Israeli custody order, which it previously had registered, modified the California custody order and, therefore, the father's petitions should be denied. In an order dated May 2, 2017, the Family Court denied the father's petitions. The father appeals.
Domestic Relations Law § 77-d provides for the registering, and contesting, of an out-of-state custody decree. Upon receipt of the child custody determination to be registered, the New York court is obligated to serve notice upon the affected persons and provide them with an opportunity to contest the registration (see Domestic Relations Law § 77-d[2][b]). The statute provides that "[a] person seeking to contest the validity of a registered order must request a hearing within twenty days after service of the notice" (Domestic Relations Law § 77-d[4]). At the hearing, the court "shall confirm the registered order" unless the person contesting registration establishes that (a) the issuing court did not have jurisdiction, (b) the custody determination sought to be registered has been vacated, stayed, or modified by a court having jurisdiction to do so, or (c) the person contesting registration was entitled to, but did not receive, notice in the underlying proceedings before the court that issued the order for which registration is sought (Domestic Relations Law § 77-d[4]). If no timely contest is made, "the registration is confirmed as a matter of law" (Domestic Relations Law § 77-d[5]). "Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration" (Domestic Relations Law § 77-d[6]).
Here, the father contends that the Family Court erred in concluding that the February 25, 2016, Israeli custody order modified the October 2, 2014, California custody order without first conducting a hearing on the issue of whether the Israeli court had jurisdiction to do so. However, the father, who does not dispute that he was given the requisite notice of the mother's application to register the Israeli custody order, did not contest registration of that order. Had he done so, the issue of the Israeli court's jurisdiction to issue an order of custody could have been raised (see Domestic Relations Law § 77-d[4][a]). Confirmation of the registered Israeli custody order "precludes further contest of the order with respect to any matter that could have been asserted at the time of registration" (Domestic Relations Law § 77-d[6]), including the Israeli court's authority to render a custody determination. Accordingly, the Family Court properly concluded that the mother established that the California custody order had been modified by the Israeli custody order (see Domestic Relations Law § 77-d[4][b]) and, therefore, properly denied the father's petitions (cf. Matter of Evanitsky v Evans, 81 AD3d 1086, 1087).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court