Matter of Renaud v Barnett (2019 NY Slip Op 05985)





Matter of Renaud v Barnett


2019 NY Slip Op 05985


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03624
 (Docket No. V-23047-15)

[*1]In the Matter of Janet Renaud, appellant,
v
Samantha Barnett, et al., respondents.


Helene Chowes, New York, NY, for appellant.
Michael D. Carlin, Brooklyn, NY, for respondent Samantha Barnett.
Kenneth M. Tuccillo, Hastings on Hudson, NY, for respondent Mutema Renaud.
Janet Neustaetter, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated March 20, 2018. The order dismissed the paternal grandmother's petition for custody of the subject child based upon lack of subject matter jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal from an order of the Family Court, Kings County, dated December 19, 2017, is deemed to be a premature notice of appeal from the order dated March 20, 2018 (see CPLR 5520[c]); and it is further,
ORDERED that the order dated March 20, 2018, is affirmed, without costs or disbursements.
The respondents, Samantha Barnett and Mutema Renaud, are the parents of the subject child, born in July 2010. The petitioner is the child's paternal grandmother (hereinafter the grandmother). The child began living for the most part with the paternal grandparents (hereinafter the grandparents) when he was approximately two months old. In September 2011, the grandmother was appointed by a court in Georgia as temporary guardian of the child, on consent. However, by order dated October 19, 2012, the guardianship was terminated and the mother, who lives in Georgia, was awarded custody of the child by a Georgia court. Soon thereafter, the child went back to live with the grandparents in New York. In September 2015, after the child had lived with the grandparents for more than six months, the grandmother commenced this proceeding in the Family Court, Kings County, seeking custody of the child. A few days later, the mother retrieved the child and took him to Georgia to live with her. The mother moved to dismiss the grandmother's petition on the ground of lack of jurisdiction. In an order dated March 20, 2018, the Family Court dismissed the petition upon determining that it lacked subject matter jurisdiction. The grandmother appeals.
We agree with the Family Court's determination dismissing the grandmother's [*2]petition on the ground that it lacked subject matter jurisdiction. The record is clear that Georgia had exclusive, continuing jurisdiction over the custody dispute, as the mother continued to reside in Georgia and the Georgia court had not declined jurisdiction (see Domestic Relations Law § 76-b; O.C.G.A. § 19-9-63 [2019]; Matter of Duran v Mercado, 155 AD3d 725, 726; Matter of Gallagher v Pignoloni, 145 AD3d 781, 784; Matter of Calvo v Herring, 51 AD3d 916, 917; Stocker v Sheehan, 13 AD3d 1, 6).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court