Matter of Johnson v Johnson (2022 NY Slip Op 05651)

Matter of Johnson v Johnson

2022 NY Slip Op 05651

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

747 CAF 21-01737

[*1]MATTER OF DEREK R. JOHNSON, PETITIONER-APPELLANT,
v
KENYA I. JOHNSON, RESPONDENT-RESPONDENT. SCOTT A. OTIS, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. (APPEAL NO. 2.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PETITIONER-APPELLANT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 
 

 Appeals from an order of the Family Court, Jefferson County (Eugene R. Renzi, A.J.), entered November 17, 2021 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the amended petition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, the amended petition is granted, and the matter is remitted to Family Court, Jefferson County, for further proceedings in accordance with the following memorandum: In these child custody and visitation proceedings, petitioner father and the Attorney for the Child (AFC) appeal in appeal No. 1 from an order dismissing the father's petition against respondent mother alleging a violation of a prior order of joint custody and his amended petition seeking a modification of the custody order by awarding him sole custody of the parties' child and granting visitation to the mother. In appeal No. 2, the father and the AFC appeal from a subsequent order that, inter alia, clarified that the order in appeal No. 1 applied nunc pro tunc to both petitions. As limited by their briefs, they appeal from the order in appeal No. 2 insofar as it dismissed the father's amended petition on the ground that the father failed to establish a change in circumstances.
We note at the outset that the appeals from the order in appeal No. 1 must be dismissed inasmuch as that order was superseded by the order in appeal No. 2 (see Matter of Tuttle v Mateo [appeal No. 3], 121 AD3d 1602, 1603 [4th Dept 2014]; Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]). We further note that the mother's contentions concerning alleged evidentiary errors and ineffective assistance of counsel at the hearing are not properly before us inasmuch as the mother failed to take a timely appeal from either order (see Matter of Saunders v Hamilton, 75 AD3d 1172, 1173 [4th Dept 2010], lv denied 15 NY3d 713 [2010]; see generally Matter of Jasper QQ., 64 AD3d 1017, 1019-1020 [3d Dept 2009], lv denied 13 NY3d 706 [2009]). In any event, the mother was not aggrieved by the orders inasmuch as they dismissed the father's petitions (see CPLR 5511; Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1385 [4th Dept 2019]; Saunders, 75 AD3d at 1173).
With respect to the merits, "[a] party seeking to modify an existing custody arrangement must demonstrate a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child[ ]" (Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]; see Matter of Guillermo v Agramonte, 137 AD3d 1767, 1768 [4th Dept [*2]2016]; Matter of Foster v Foster, 128 AD3d 1381, 1381 [4th Dept 2015], lv denied 26 NY3d 901 [2015]). Although, as a general rule, the custody determination of the trial court is entitled to great deference (see Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]), "[s]uch deference is not warranted . . . where the custody determination lacks a sound and substantial basis in the record" (Fox v Fox, 177 AD2d 209, 211-212 [1992]). Moreover, "[o]ur authority in determinations of custody is as broad as that of Family Court" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).
We agree with the father and the AFC that the father met his burden of establishing a change in circumstances. It is well settled that " 'the continued deterioration of the parties' relationship is a significant change in circumstances justifying a change in custody' " (Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]; see Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [3d Dept 1999], lv denied 94 NY2d 790 [1999]). Here, the court had previously awarded joint custody to the parties on the basis that communications between them had "improved and the two were working together more than ever before, the results of which were positive for [the subject child]." However, the evidence at the hearing established that, after the initial custody award was entered, the parties reverted to " 'an acrimonious relationship and are not able to communicate effectively with respect to the needs and activities of their child[ ], and it is well settled that joint custody is not feasible under those circumstances' " (Matter of Keller v Keller, 176 AD3d 1573, 1574 [4th Dept 2019], lv denied 35 NY3d 905 [2020]; see Matter of Cooley v Roloson, 201 AD3d 1299, 1300 [4th Dept 2022]; see also Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]). Thus, on this record, we conclude that there has been a sufficient change in circumstances warranting an inquiry into whether the best interests of the child would be served by modifying the existing custody arrangement.
Inasmuch as the record is sufficient for this Court to make a best interests determination, we will do so "in the interests of judicial economy and the well-being of the child" (Bryan K.B., 43 AD3d at 1450; see Matter of Cole v Nofri, 107 AD3d 1510, 1512 [4th Dept 2013], appeal dismissed and lv denied 22 NY3d 1082 [2014]). After reviewing the relevant factors (see generally Eschbach, 56 NY2d at 171-174; Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]), we conclude that it is in the child's best interests to award the father sole custody. Although the parties have shared alternating week custody since the entry of the prior custody order, the evidence at the hearing established that the father "provided a more stable environment for the child and was better able to nurture the child" (Matter of Unczur v Welch, 159 AD3d 1405, 1406 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). The evidence further established that the mother made a concerted effort to interfere with the father's contact with the child by, inter alia, disparaging him to educational and medical professionals, which raises a strong probability that the mother " 'is unfit to act as custodial parent' " (Matter of Fowler v Rothman, 198 AD3d 1374, 1375 [4th Dept 2021], lv dismissed 38 NY3d 995 [2022]) and warrants the grant of sole custody to the father. We therefore reverse the order in appeal No. 2 insofar as appealed from and grant the amended petition by awarding the father sole custody of the child and visitation to the mother, and we remit the matter to Family Court to fashion an appropriate visitation schedule.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court