Matter of Alda X. v Aurel X. (2023 NY Slip Op 01826)

Matter of Alda X. v Aurel X.

2023 NY Slip Op 01826

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

534954 
[*1]In the Matter of Alda X., Appellant,
v
Aurel X., Respondent. (Proceeding No. 1.)
In the Matter of Aurel X., Respondent,
v
Alda X., Appellant. (Proceeding No. 2.)

Calendar Date:February 15, 2023 

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ. 

Monique B. McBride, Albany, for appellant.
Eric M. Galarneau, Cohoes, for respondent.
Sharon Lee McNulty, Albany, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Albany County (Richard Rivera, J.), entered December 22, 2021, which, among other things, partially granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Alda X. (hereinafter the mother) and Aurel X. (hereinafter the father) were married in Albania in 2014. The parties thereafter moved to New Jersey, and the subject child was born to the marriage in 2016. During a visit to Albania in 2017, the father commenced a divorce action. While that proceeding was pending, the mother and the child relocated to Albany County, while the father continued to reside in New Jersey. In February 2018, the Superior Court of New Jersey in Bergen County issued an order involving, among other things, a child custody arrangement. That court issued another order in April 2018, on consent, granting the parties joint legal custody, the mother primary physical custody and the father specified periods of parenting time. In September 2018, an Albanian court issued the parties a divorce decree, which set out certain terms of custody and parenting time. Then, in January 2019, the Superior Court of New Jersey issued an order amending certain terms of its April 2018 order.
In December 2019, the mother filed a petition in the Family Court of Albany County alleging child safety concerns and seeking a modification of the custodial terms.[FN1] As a result of such allegations, Family Court temporarily suspended the father's parenting time and ordered the Albany County Department of Social Services to investigate the allegations.[FN2] After receiving the investigation report, which deemed the allegations unfounded, the court reinstated the father's parenting time during an appearance in February 2020. Then, in October 2020, the father filed a petition in Family Court seeking a modification to his scheduled parenting time. After numerous appearances, the parties entered into an agreement resolving their petitions on the record in December 2021, which agreement the court reduced to a written order. The mother appeals from that order.
The mother contends that Family Court lacked jurisdiction to issue the order on appeal.[FN3] While the mother failed to raise this claim before Family Court, "the claim that a court lacked subject matter jurisdiction may be raised at any time and may not be waived" (Matter of Saratoga County Support Collection Unit v Caudill, 160 AD3d 1071, 1072 [3d Dept 2018] [internal quotation marks and citation omitted]; see Lacks v Lacks, 41 NY2d 71, 75 [1976]; Matter of Jasmin NN. v Jasmin C., 167 AD3d 1274, 1275 [3d Dept 2018]). The father concedes that New Jersey had jurisdiction to make an initial custody determination in 2018 (see Domestic Relations Law § 76), and that, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), because the father continued to reside in New Jersey, that state retained jurisdiction (see Domestic [*2]Relations Law § 76-a [1]). Thus, the issue on appeal is whether Family Court had jurisdiction to modify the January 2019 order issued by a New Jersey court.
As relevant here, prior to modifying a custody determination from another state, a court of this state must have jurisdiction to make the initial determination pursuant to Domestic Relations Law § 76, and "[t]he court of the other state [must] determine[ that] it no longer has exclusive, continuing jurisdiction under [Domestic Relations Law § 76-a] or that a court of this state would be a more convenient forum under [Domestic Relations Law § 76-f]" (Domestic Relations Law § 76-b [1]; see Matter of Adams v Clouse, 165 AD3d 1401, 1402 [3d Dept 2018]). Inasmuch as the child has resided in this state since 2018, Family Court had jurisdiction to make an initial determination of custody (see Domestic Relations Law §§ 76 [1] [a]; 75-a [7]). However, the record is devoid of any indication that the New Jersey court relinquished its jurisdiction or that it determined that this state was a more convenient forum, and Family Court failed to communicate with the New Jersey court to make such inquiry. Although the father asks us to interpret a recitation in New Jersey's April 2018 order that it retained jurisdiction for one year as that court relinquishing its jurisdiction after a year, we note that the same court, through a January 2019 order, denied the mother's motion to transfer the custody proceedings to this state, "for reasons set forth on the record" (emphasis omitted). As such, the April 2018 order did not excuse Family Court's failure to communicate with the New Jersey court to determine which state had subject matter jurisdiction (compare Matter of Paul JJ. v Heather JJ., 184 AD3d 956, 958 [3d Dept 2020], appeal dismissed 35 NY3d 1073 [2020]). As such, Family Court lacked jurisdiction to issue the order on appeal (see Lacks v Lacks, 41 NY2d at 75; Matter of Adams v Clouse, 165 AD3d at 1403; Matter of Evanitsky v Evans, 81 AD3d 1086, 1088 [3d Dept 2011]), and we must vacate said order and remit this matter to Family Court to conduct the required inquiry.[FN4]
Although the mother's remaining contentions are rendered academic by this determination, we remind Family Court that it must take the necessary precautions to ensure that proceedings are properly recorded. The transcripts of these proceedings are littered with notes that the audio was "unintelligible." At other times, a single party continues to speak, apparently responding to interjections by other people which are not transcribed. Further still, although unclear from this record, it appears that, at one point, Family Court recognized that the mother required the services of an Albanian interpreter to "meaningfully participate in the court proceedings" (22 NYCRR 217.1 [a]). However, an interpreter is then not scheduled for the remaining appearances. On this record, we are unable to determine whether the court conducted the necessary inquiry to [*3]determine whether the mother had a language barrier such that the failure to appoint an interpreter deprived her of her constitutional rights (see Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 1129-1130 [3d Dept 2021], lv denied 38 NY3d 908 [2022]; Matter of James U. v Catalina V., 151 AD3d 1285, 1286-1287 [3d Dept 2017]). As such, on remittal, the court should also conduct such inquiry.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, and, pending those proceedings, the terms of said order shall remain in effect on a temporary basis, except that the provision on page 5 of said order regarding international travel is stricken.

Footnotes

Footnote 1: Although not before us on this appeal, in December 2019, the mother also filed a petition seeking to register the January 2019 New Jersey order pursuant to Domestic Relations Law § 77-d. That order was registered in April 2021.

Footnote 2: Family Court appears to have suspended the father's parenting time through a Family Ct Act article 8 temporary order of protection; that order, the mother's underlying petition and the father's petition seeking to modify that order were not made part of the record on appeal.

Footnote 3: The attorney for the child supports the mother's position.

Footnote 4: Although Family Court did not expressly address it, we recognize that it could have properly invoked temporary emergency jurisdiction to address the safety issues raised by the mother in December 2019 (see Domestic Relations Law § 76-c [1]). However, such emergency jurisdiction would have expired when the safety issues subsided — apparently during the February 2020 appearance.