LISA BETH ZOHAR GRAHM, Appellant, v ROBERT D. GRAHM, Respondent. [786 NYS2d 304]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered May 24, 2004, which, insofar as appealed from as limited by the briefs, "dismissed," for lack of subject matter jurisdiction, plaintiff's motion to modify the custody provisions of a divorce judgment issued by a California court, unanimously affirmed, with costs.

The motion (the initiatory order to show cause is supported only by plaintiff's affidavit and her attorney's affirmation; there is no complaint) was properly dismissed for lack of subject matter jurisdiction because defendant continues to reside in California and there is no showing that the California court has decided that it does not have exclusive, continuing jurisdiction over its custody determination or that New York would be a more convenient forum (*Stocker v Sheehan*, 13 AD3d 1 [2004]; Domestic Relations Law § 76-b [1]; Cal Fam Code § 3422 [a]). The motion court also properly exercised its discretion under Domestic Relations Law § 75-i not to communicate with the California court, where the California judgment was entered less than five months before plaintiff's order to show cause, the California court exercised its continuing jurisdiction only two days before the order to show cause by granting defendant's request for makeup visitation, and, during the pendency of the order to show cause, the California court again apparently exercised its jurisdiction by denying plaintiff's "request to transfer this matter to New York . . . as the request is not properly before the Court." In the circumstances presented, we view this proceeding as tantamount to forum shopping. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.