Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered April 16, 2007. The order, inter alia, dismissed the petition to modify a prior custody order for lack of jurisdiction pursuant to Domestic Relations Law § 76-a.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this proceeding seeking to modify a prior custody order that was entered at a time when he resided in Massachusetts and respondent mother and the parties’ child resided in New York. For 13 months prior to the filing of the petition, however, the mother and the child resided in Arizona, and the father continued to reside in Massachusetts. The father appeals from an order that, inter alia, granted the Law Guardian’s motion to dismiss the petition for lack of jurisdiction pursuant to Domestic Relations Law § 76-a.
Contrary to the contention of the father, Family Court does not have exclusive, continuing subject matter jurisdiction *1214 inasmuch as neither the parties nor the child presently reside in New York (see Domestic Relations Law § 76-a [1] [b]; see also Grahm v Grahm, 13 AD3d 324 [2004]; cf. Vernon v Vernon, 100 NY2d 960, 972 [2003]). Domestic Relations Law § 76-a (2) provides that “a court . . . which has made a child custody determination and does not have exclusive, continuing jurisdiction . . . may modify that determination only if it has jurisdiction to make an initial determination” pursuant to section 76. Here, the court lacked jurisdiction to make an initial determination because, inter alia, the child had lived in Arizona for more than six months prior to commencement of the proceeding (see § 76 [a]). Present — Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.