Matter of Francois B. v Fatoumata L. (2019 NY Slip Op 02418)





Matter of Francois B. v Fatoumata L.


2019 NY Slip Op 02418


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8819 -16

[*1]In re Francois B., Petitioner-Respondent,
v
Fatoumata L. also known as Haidatia L., etc., Respondent-Appellant. J. A. B., Nonparty Appellant.


Larry S. Bachner, New York, for Fatoumata L., appellant.
The Law Office of Valerie Wolfman, New York (Valerie Wolfman of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the child, J. A. B., appellant.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about January 12, 2018, which granted petitioner father's motion to enforce a custody order of a foreign court, unanimously affirmed, without costs.
The parties are both French citizens as is their child. Upon their separation, the French court issued an order dated October 21, 2009, awarding them joint custody of the child. Subsequently, the French court modified the prior custody order, by order dated November 8, 2016, granting the mother permission to relocate with the child to the United States. It also provided the father parenting time in France with the child during school vacations. The mother relocated with the child to New York shortly thereafter. In August 2017, the father filed an enforcement petition in Family Court, alleging that the mother had violated the French order by refusing to permit the child to visit him in France. Meanwhile, the father had also appealed the French order, and the parties litigated the matter in the French Court of Appeal, with the mother represented by counsel. During the enforcement proceedings in Family Court, the French Court of Appeal issued a decision awarding the father residential custody of the child.
Contrary to the mother's contention, under these circumstances, Family Court properly determined that it did not have jurisdiction over this matter and enforced the French custody order pursuant to Domestic Relations Law § 77-b by returning the child to the father in France (see Stocker v Sheehan, 13 AD3d 1 [1st Dept 2004]; see also Grahm v Grahm, 13 AD3d 324 [1st Dept 2004]). Although the record supports that the child wished to remain in New York with the mother, and suffered extreme anxiety at the idea of leaving, such evidence did not rise to the level of an "immediate threat" to warrant Family Court invoking emergency jurisdiction (see Matter of Michael P. v Diana G., 156 AD2d 59, 66 [1st Dept 1990], lv denied 75 NY2d 1003 [1990]; Valone v Valone, 41 Misc 3d 797, 805 [Sup Ct, Monroe County 2013]). Accordingly, we affirm the order, noting that the French Court of Appeal affirmed the order awarding the father custody upon the mother's appeal.
We have considered the mother's remaining contentions, including her claim that neither she nor the child received meaningful representation before Family Court, and find them unavailing.
M-16 - In re Francois B. v Fatoumata L.
Motion to dismiss appeal as moot denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK