Matter of Hook v Snyder. (2021 NY Slip Op 02458)





Matter of Hook v Snyder.


2021 NY Slip Op 02458


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


V-21829-18/19C Docket No. V-21829-18/19C Appeal No. 13628 Case No. 2019-05565 

[*1]In the Matter of Kenneth Hook, Petitioner-Respondent,
v
Lauren Snyder., Respondent-Appellant.


Manhattan Legal Services, New York (Lenina C. Trinidad of counsel), for appellant.
Law Office of Dalia Zaza, Manhasset (Dalia Zaza of counsel), for respondent.
Larry S. Bachner, New York, attorney for the child.



Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about November 21, 2019, which denied respondent mother's motion to dismiss the custody modification petition on the ground of lack of subject matter jurisdiction, unanimously reversed, on the law and the facts, with costs, and the motion granted.
Petitioner failed to demonstrate that the Connecticut court that made the initial custody determination has determined either that it no longer has exclusive, continuing jurisdiction or that New York would be a more convenient forum, and he does not deny that he continues to live in Connecticut (see Domestic Relations Law § 76-b). The fact that the child has lived in New York for several years does not change the result that the New York court lacks subject matter jurisdiction to entertain the petition (see Matter of Francois B. v Fatoumata L., 170 AD3d 617 [1st Dept 2019]; Stocker v Sheehan, 13 AD3d 1, 6 [1st Dept 2004]; see also Grahm v Grahm, 13 AD3d 324 [1st Dept 2004]). Contrary to petitioner's contention, New York is not the child's "home state," since the record indicates that the child lived with the parties in Connecticut until October 2012, that is, for more than six consecutive months immediately preceding the commencement of this proceeding (see Domestic Relations Law § 75-a[7]). In any event, as indicated, the remaining prerequisites for jurisdiction to modify a child custody determination made by a court of another state have not been met (Domestic Relations Law § 76-b).
Contrary to petitioner's contention, respondent's prior appearances and execution of a stipulation in Family Court in New York do not constitute a waiver of her subject matter jurisdiction defense; "a defect in subject matter jurisdiction may be raised at any time by any party or by the court itself, and subject matter jurisdiction cannot be created through waiver, estoppel, laches, or consent" (Matter of Nemes v Tutino, 173 AD3d 16, 23 [4th Dept 2019] [internal quotation marks omitted]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021