Matter of Regla F. v Dustin F. (2025 NY Slip Op 05919)

Matter of Regla F. v Dustin F.

2025 NY Slip Op 05919

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Index No. V-01883/25, O-02238/25|Appeal No. 5046-5047|Case No. 2025-02565, 2025-02566|

[*1]In the Matter of Regla F., Petitioner-Appellant,

v

Dustin F., Respondent-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (S. Yan Sin of counsel), for respondent.

Order, Family Court, New York County (Genna D. Teitelbaum, Referee), entered on or about April 11, 2025, which, after a hearing, dismissed petitioner mother's custody petition with prejudice, unanimously affirmed, without costs. Order, same court and Referee, entered on or about April 11, 2025, which dismissed the mother's family offense petition, unanimously affirmed, without costs.

Petitioner-mother and respondent-father were divorced in Florida in 2018. All issues of custody and visitation of their child were resolved by a parenting plan, which was ratified and incorporated in the Florida final judgement of divorce. Pursuant to the parenting plan, the parties were to have joint legal and physical custody of the child. The parenting plan provided that Florida was to have continuing and exclusive jurisdiction over issues of custody and visitation.

By petition dated June 6, 2022, the mother sought permission to temporarily relocate with the child to New York. By order dated December 28, 2022, the Florida court granted her petition for temporary relocation pending the outcome of a fact-finding hearing. However, by order dated March 6, 2025, the Florida court dismissed the mother's relocation petition. The court noted that the mother failed to appear at case management conferences on January 7, 2025, and March 4, 2025, and found that her absence was willful, intentional, and in bad faith. The court further stated that the mother had been repeatedly informed that her appearance was mandatory and had demonstrated a pattern of failing to appear at hearings as ordered, for which she had previously been sanctioned. The court held that Florida had continuing and exclusive jurisdiction over the parties and subject matter and that Florida remained the child's home state.

At or about the time that the Florida court issued its order dismissing the relocation petition, by a Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) petition dated March 4, 2025, the mother sought custody of the child in New York, arguing that Florida should decline jurisdiction because the child had resided in New York since June 2022 and had no ongoing ties to Florida.

Family Court properly determined that it lacked subject matter jurisdiction under the UCCJEA (Domestic Relations Law § 75 et seq.) to modify the Florida custody order. Where a state other than New York has exclusive, continuing jurisdiction over a custody dispute, New York cannot take jurisdiction unless the foreign state declines jurisdiction, even if the parties no longer have a significant connection with that state(see Domestic Relations Law § 76-b; Stocker v Sheehan, 13 AD3d 1, 6-7 [1st Dept 2004]). Here, the mother failed to show that the Florida court "has determined either that it no longer has exclusive, continuing jurisdiction or that New York would be a more convenient forum" (Matter of Hook v Snyder, 193 AD3d 588, 589 [1st Dept 2021]). On the contrary, in response to Family Court's inquiry, the Florida judge unequivocally stated that Florida intended to retain exclusive, continuing jurisdiction over the custody dispute (see Matter of Duran v Mercado, 155 AD3d 725, 726 [2d Dept 2017]). Moreover, the father maintains a significant connection with Florida, as he has remained a resident of that state throughout the proceedings (cf. Stocker, 13 AD3dat 7). That the child has lived in New York since the mother was granted her request for temporary relocation does not alter the conclusion that the New York court lacks jurisdiction to entertain her petition (see Matter of Francois B. v Fatoumata L., 170 AD3d 617, 617-618 [1st Dept 2019]).

Family Court also correctly dismissed the mother's family offense petition on the ground that Florida had exclusive, continuing jurisdiction and the order she was seeking would have necessarily affected the parties' custody and parental access rights (see Matter of Santana v Pena, 196 AD3d 638, 638 [2d Dept 2021]).

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 28, 2025