Matter of Natalie P. v Steven L.R.

2026 NY Slip Op 02458

April 23, 2026

Appellate Division, First Department

Gesmer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Natalie P., Petitioner-Respondent,

v

Steven L.R., Respondent-Appellant.

Supreme Court, Appellate Division, First Judicial Department

Decided and Entered: April 23, 2026

Index No. V-16345-18/18|Appeal No. 6434|Case No. 2024-03792|

Saliann Scarpulla

David Friedman Ellen Gesmer Martin Shulman Margaret A. Chan

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.

Jill M. Zuccardy, New York, for respondent.

Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Respondent father appeals from an order of Family Court, New York County (Anna R. Lewis, J.), entered on or about May 17, 2024, which granted the mother's petition to modify an order of custody and visitation.

Gesmer, J.

[*1]

This case presents the difficult situation faced by a judge addressing a petition by a party who seeks to modify a custody order issued by a court of another state. Under the Uniform Child Custody Jurisdiction and Enforcement Act [UCCJEA] (Domestic Relations Law Art. 5-A, §§ 75 — 78-a), even where New York has become the child's "[h]ome state" (Domestic Relations Law §75-a[7]), a New York judge does not have jurisdiction to modify a custody order issued by a foreign state unless either: 1) the foreign state cedes jurisdiction; or 2) neither the parents nor the child continue to reside in the foreign state (Domestic Relations Law § 76-b). Since neither of these situations was present in this case, Family Court had no jurisdiction to modify the custody order before it. Alternatively, if the New York judge determines that it is necessary to protect a child, sibling or parent, the court may take temporary emergency jurisdiction, communicate with the foreign court, and issue a time-limited order as necessary to protect the child and t0 permit the party seeking a modification to request it in the foreign court (Domestic Relations Law § 76-c). Here, since Family Court failed to communicate with the foreign court and failed to specify a time-limited duration for its order, it also did not appropriately take emergency jurisdiction.

In this case, respondent father appeals from an order of the Family Court, New York County, which granted the mother's petition to modify a 2015 order of custody and visitation issued by the District Court of Brewster County, Texas. He argues that Family Court lacked subject matter jurisdiction to modify the Texas custody order. For the reasons discussed below, we agree, and find that the order appealed from should be vacated and the matter remanded for further proceedings in accordance with this order.

The parties separated shortly after the birth of their child in 2012. Until 2015, both parties and the child resided in Texas. By order dated April 16, 2015, the District Court of Brewster County, Texas granted the mother's request for a modification of that court's April 16, 2014 custody order. The 2015 order permitted the mother to choose a primary residence for the child anywhere within the continental United States and provided a modified visitation schedule for the father. The 2015 order also continued the 2014 order's permanent injunction directing the father not to communicate with the mother, except by email, and to stay away from the mother's residence, and modified the injunction by adding a directive that the father not engage in behavior "likely to annoy, alarm, abuse, torment, or embarrass" the mother.

[*2]

The mother moved with the child to New York in 2015 to attend graduate school. She registered the 2015 Texas custody order in Kings County Family Court in July 2015 (Domestic Relations Law § 77-d). The father was notified of the registration and did not object. The mother later married and had a second child in New York. The parties' child visited her father in Texas in 2015 for Christmas, and during the summer and for Christmas in 2016 and 2017. In 2018, the child again visited her father in Texas during the summer. Upon the child's return, the child complained of vaginal discomfort, began compulsively wiping herself, had trouble sleeping, and made statements to the mother that caused her to be concerned that the child had been abused.

On September 5, 2018, the mother filed a pro se petition in New York County Family Court seeking a modification of the Texas custody order to permit her to obtain a passport for the child. On or about November 20, 2018, after the mother retained counsel, her attorney filed an amended petition seeking a modification to award the mother sole physical and legal custody, suspend or impose conditions on the father's video calls with the child, decrease his in-person visitation, and require his in-person visits to be supervised. On or about November 26, 2018, the mother's attorney filed an order to show cause seeking to suspend the father's visitation and video calls with the child pending trial. Family Court granted the mother's request in her order to show cause for an order temporarily suspending the father's in-person visitation. He has not visited the child since summer 2018. Although the father continued to have the right to speak to the child on video calls, he has not done so since September 2021.

The initial trial date scheduled for June 2020 was adjourned due to the pandemic. Family Court held a trial on the issues raised in the mother's petition and order to show cause, which Family Court referred to as a "custody trial," on May 9, 2022, January 27, 2023, and April 26, 2023. At trial, the mother and her counsel appeared, the father appeared remotely and by counsel, and the child was represented by counsel. On January 24, 2024, Family Court conducted an in camera interview with the child, who was 11 years old at the time. The parties also submitted post-trial written submissions.

By order dated May 17, 2024, Family Court issued the order now appealed from, which purports to modify the Texas custody order to grant sole physical and legal custody to the mother and suspend all visitation between the child and her father. We now reverse and remand for further proceedings consistent with the UCCJEA.

[*3]

The UCCJEA is intended "to provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines and to do so in a manner that ensures that the safety of the children is paramount and that victims of domestic violence and child abuse are protected" (Domestic Relations Law § 75[2]). It establishes a system to determine which court has priority to exercise "exclusive, continuing jurisdiction" (Domestic Relations Law § 76-a; see also 2001 Recommendation of the Family Court Advisory and Rules Committee). It encourages, and in some circumstances requires, courts to communicate with one another to avoid jurisdictional conflicts and ensure that child custody issues are resolved in the appropriate forum (see generally Domestic Relations Law § 76-i).

A New York court may not modify a child custody determination made by a court of another state unless the New York court would have had jurisdiction to make an initial custody determination, but for the pre-existing custody order, and either: (1) the court of the other state has determined that it no longer has continuing jurisdiction or that the New York court would be a more convenient forum; or (2) either court determines that neither parent nor the child presently reside in the other state (Domestic Relations Law § 76-b).FN1

Here, the child lived with the mother in New York for three years before the mother filed her petition to modify the Texas custody order. Accordingly, New York was the child's "home state" under the UCCJEA, and, if no other state had issued an initial custody order, Family Court would have had jurisdiction to do so (Domestic Relations Law §§ 76[a]; 75-a[7]). However, Family Court lacked subject matter jurisdiction to entertain the mother's petition which sought to modify the Texas custody order because (1) there is no evidence that the Texas court had determined that it either no longer had exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a, or that New York would be the more convenient forum; and (2) it is undisputed that the father continues to reside in Texas (Domestic Relations Law § 76-b; see Matter of Hook v Snyder, 193 AD3d 588, 589 [1st Dept 2021]; Stocker v Sheehan, 13 AD3d 1, 6 [1st Dept 2004]; see also Matter of Duran v Mercado, 155 AD3d 725 [2d Dept 2017]).

Family Court could properly have found that it had temporary emergency jurisdiction to issue a time-limited order as necessary to protect the child, as established by the allegations, testimony, and other evidence, including the interview of the child by the Child Advocacy Center and counseling records (Domestic Relations Law § 76-c[1]; see also Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77, 87 [4th Dept 2011], appeal dismissed 19 NY3d 845 [2012]). However, where, as here, there exists a prior custody order from another state with exclusive, continuing jurisdiction, any order by a court of this state acting pursuant to its emergency jurisdiction must

[*4]

"specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having [exclusive continuing jurisdiction] . . . . The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires, provided, however, that where the child who is the subject of a child custody determination under this section is in imminent risk of harm, any order issued under this section shall remain in effect until a court of [the state having exclusive, continuing jurisdiction] . . . has taken steps to assure the protection of the child" (Domestic Relations Law § 76-c[3]).

No party argued before Family Court that the Texas court had exclusive, continuing custody jurisdiction or that Family Court should take emergency jurisdiction. However, subject matter jurisdiction may be raised at any time by any party or by the court, and "cannot be created through waiver, estoppel, laches or consent" (Matter of Hook v Snyder, 193 AD3d at 589 [internal quotation marks omitted]). On appeal, neither the mother nor the child's attorney argues that Family Court had jurisdiction to modify the Texas custody order pursuant to Domestic Relations Law § 76-b, but both argue that Family Court had emergency jurisdiction under Domestic Relations Law § 76-c. However, Family Court never communicated with the Texas court and did not specify a duration for its order to permit the mother to seek appropriate relief in Texas as required under Domestic Relations Law § 76-c. Accordingly, Family Court's order fails to comply with the UCCJEA and must be vacated.

A court of this state may communicate with a court in another state concerning a proceeding arising under the UCCJEA at any time (Domestic Relations Law § 75-i), and must do so "immediately" under certain circumstances, including prior to issuing an order pursuant to its emergency jurisdiction authority (Domestic Relations Law § 76-c[4]). When a court of this state communicates with the court of another state, it may allow the parties to participate in the communication. Where the parties are unable to participate, they must be given an opportunity to present facts and legal arguments before a jurisdictional determination is made. The court must make a record of any communication about substantive jurisdictional issues and must inform the parties promptly of the communication and provide access to the record (Domestic Relations Law § 75-i; see also Matter of Briggs v Briggs, 171 AD3d 741, 743 [2d Dept 2019]).

[*5]

Here, had Family Court recognized that Texas had exclusive, continuing jurisdiction over its custody order that the mother sought to modify, it could have contacted the Texas court in order to determine whether the Texas court would relinquish jurisdiction, thus permitting Family Court to exercise jurisdiction to modify the Texas custody order pursuant to Domestic Relations Law § 76-b. If the Texas court did not agree to relinquish jurisdiction, Family Court could then determine whether it should take emergency jurisdiction and issue a time-limited order pursuant to Domestic Relations Law § 76-c.

Accordingly, we remand to Family Court to communicate with the Texas court that issued the 2015 custody order to determine whether the Texas court has either determined it no longer has exclusive, continuing jurisdiction or that New York would be a more convenient forum. If the Texas court does not intend to retain jurisdiction over the matter, Family Court may issue an order modifying the Texas custody order (Domestic Relations Law §76-b).

If the Texas court intends to retain jurisdiction over the matter, Family Court must determine whether it should exercise emergency temporary jurisdiction, and, if so, determine an appropriate duration for Family Court's temporary emergency order (Domestic Relations Law § 76-c[4]).

Accordingly, the order of Family Court, New York County (Anna R. Lewis, J.), entered on or about May 17, 2024, which granted the mother's petition to modify an order of custody and visitation, should be reversed, on the law, without costs, the order vacated, and the matter remanded to Family Court for further proceedings in accordance herewith.

Order, Family Court, New York County (Anna R. Lewis, J.), entered on or about May 17, 2024, reversed, on the law, without costs, the order vacated, and the matter remanded to Family Court for further proceedings in accordance herewith.

Opinion by Gesmer, J.P. All concur.

Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026

Footnotes

Footnote 1

The mother's registration of the Texas custody order in New York in 2015 made it possible to enforce the order in New York courts (Domestic Relations Law § 77-d). It did not confer "exclusive, continuing" custody jurisdiction (Domestic Relations Law § 76-a; see also Matter of Intriago v Diaz-Garcia, 147 AD3d 1054, 1055-1056 [2d Dept 2017]) or permit modification of the Texas custody order, which is governed by Domestic Relations Law § 76-b.